PEOPLE v. O'DONNELL.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. CRIMINAL LAW—INSANITY—EVIDENCE—QUESTION FOR JURY.
   A certified copy of an inquisition of lunacy, adjudging defendant insane, over a year before he committed a burglary, and evidence of acts indicating an unsound mind, and expert testimony that he was insane at various periods preceding the burglary, are sufficient to raise a question of fact for the jury as to defendant's capacity to commit the crime.

2. SAME—OPINION EVIDENCE.
   It is error to permit a witness who is not an expert to testify that defendant appeared rational on the day of his arrest on a charge of burglary, where the witness does not first detail the acts and conversation of defendant on which such opinion is based.

Appeal from Franklin county court.

Frank O'Donnell was convicted of burglary in the first degree, and larceny in the second degree, and he appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

R. M. Moore, for appellant.

Gordon H. Main, for the People.

SMITH, J.  The sole question litigated was of the insanity of the defendant.  The acts constituting the burglary and larceny were committed on the 13th day of October, 1898.  The defendant offered in evidence a certified copy of an original inquisition adjudging him to be a lunatic upon the 16th day of June, 1897.  Witnesses were produced who swore to acts which to the jury might have indicated an unsound mind.  An expert physician swore to the fact that he was insane at various periods preceding the doing of the acts charged.  Evidence was produced sufficient to raise a question of fact for the jury, as to whether the defendant was insane at the time of the commission of the alleged wrongful acts.

A lay witness, an undersheriff of Franklin county, was examined for the people, and testified as follows:

"I talked with him coming from the junction to the jail the day he was arrested.  I told him it looked as though he was in a bad scrape.  He said it looked that way.  He did not say much.  Q. Did his actions, and what he talked about, impress you as being rational or irrational?  Did he appear rational or irrational? (Objected to as incompetent, immaterial, and calls for expert testimony.  The impressions of the witness cannot be given in evidence.  Overruled.  Exception.)  A. He appeared to be rational."

This exception appears to us to present an error which the court cannot disregard.  The witness was not claimed to be an expert witness.  The extent to which a lay witness may go in characterizing the acts of the party as rational or irrational has been clearly defined by the authorities.  In Paine v. Aldrich, 133 N. Y. 547, 30 N. E. 726, Judge Maynard, in writing for the court of appeals, says:

"The witness was a layman, and could not properly give an opinion as to the mental capacity of the grantor, or as to whether he was rational or irrational, even when such opinion might be based upon specific acts or conversations and his personal observation.  He could state the acts and conversations of which he had personal knowledge, and then be permitted to say whether, in his judgment, such acts and conversations were rational or irrational, or were those of a rational or irrational person.  This is the extent to which any of the cases have gone, and the tendency is to limit, rather than enlarge, the rule, because even in its present form it is an infringement of the fundamental law of evidence, that a witness who is not an expert shall not be permitted to testify to his conclusions or opinions as to an issuable fact."

In the case at bar, without describing his actions, and without detailing in full the conversation, this lay witness was permitted to declare his opinion that the prisoner appeared rational.  Within the authority cited, this would seem to be error.  It is unnecessary to examine the other questions presented by the record, as for this error the judgment must be reversed.

Judgment of conviction reversed, and new trial ordered.  All concur.